IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rickey Nathaniel Brown a/k/a Ricky Brown,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>R.J. Reynolds Tobacco Company, Inc.;<br>Brown & Williamson Tobacco Corporation;<br>Lorillard Tobacco Company; and Phillip<br>Morris, USA., Inc.,<br>　　　　　　　　Defendants. | C/A No. 4:22-cv-2938-JD-KDW<br><br>**ORDER AND OPINION** |

　　　　This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 34.)  Plaintiff Rickey Nathaniel Brown a/k/a Ricky Brown ("Plaintiff" or "Brown"), a *pro se* state prisoner at Broad River Correctional Institution ("Broad River") has filed a civil rights action alleging Defendants R.J. Reynolds Tobacco Company, Inc.; Brown & Williamson Tobacco Corporation; Lorillard Tobacco Company; and Phillip Morris, USA., Inc., (collectively "Defendants") have committed wire, radio, and television communication fraud, as well as acted in violation of several other state statutes.  Specifically, Brown seeks $100,000,000 in damages flowing from Plaintiff's smoking habit that began in 1973 when he was twelve years old and continued through 2003.  (DE 1.)

---

[1] 　　The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Defendants have moved to dismiss Brown's claims pursuant to Rule 12(b)(6), Fed. R. Civ. P.[2] (DE 22.) Defendants argue Brown's claims for damages should be dismissed because (1) Plaintiff's Negligent Failure to Warn/Strict Liability Claims are preempted by the Public Health Cigarette Smoking Act of 1969 (the "PHCS Act") or otherwise time-barred by the statute of limitations; Negligence and Fraud/Fraudulent Misrepresentation/Fraud in the Inducement Claims are time-barred by the three-year statute of limitations pursuant to S.C. Code Ann. §§ 15-3-530(5), 15-3-530(7) or otherwise fails to state a claim for relief sounding in fraud. (DE 22.)

The Report was issued on July 11, 2023, recommending Brown's claims for damages be dismissed. (DE 39.) Plaintiff filed an objection to the Report on August 10, 2023, contending the Defendants' reference to Rule 15 in their reply (DE 34), instead of Rule 9, Fed. R. Civ. P., is an "oversight" or "mistake" and that the Report cites the incorrect elements for a civil conspiracy, among other reasons.[3] (DE 43.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining

---

[2] Prior to filing a Response, Plaintiff filed a Motion for Procedural Default against Defendants, contending Defendants failed to serve Plaintiff with the Motion to Dismiss. (DE 28.) Plaintiff contends that upon receiving a Roseboro Order from the court, he contacted the clerk's office and learned that Defendants filed a Motion to Dismiss. (Id.) Plaintiff attached what he purports to be a mail delivery log, which shows on September 15, 2022, he received mail from the U.S. District Court, and that it was purportedly delivered to him on October 21, 2022. (DE 28-2.) However, attached to Defendants' Motion to Dismiss is a certificate of service, attesting to the fact that Defendants mailed Plaintiff the Motion on or about October 17, 2022, the date it was filed. (DE 22, p. 3.) Thus, it appears Defendants did mail Plaintiff a copy of the Motion, but whether Plaintiff received it may be in question. For this reason, the Court denies Plaintiff's Motion for Procedural Default (DE 28) without further discussion herein.

[3] Plaintiff filed a Motion for extension of time to file objections to the Report (DE 41) on July 26, 2023, seeking an additional 45 days to file objections to the Report, which were originally due to be filed on or before July 25, 2023; however, Plaintiff subsequently filed an objection on August 10, 2023. Accordingly, the Court denies as moot Plaintiff's motion (DE 41) and deems the objection as timely filed.

that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As to Plaintiff's objection regarding Defendants' reference to Rule 15 in their reply (DE 34), instead of Rule 9, Fed. R. Civ. P., the Court finds this error inadvertent and/or a harmless mistake because the case cited by Defendants clearly refers to Rule 9 and the requirement that fraud be pled with particularity. Therefore, the Court overrules this objection. Next, Plaintiff contends the Report cites the incorrect elements for a civil conspiracy because it states the elements of a cause of a civil conspiracy claim in South Carolina, which are: "(1) a combination of two or more persons; (2) for the purpose of injuring the plaintiff; and (3) which causes the plaintiff special damage." BCD LLC v. BMW Mfg. Co., LLC, 360 F. App'x 428, 437 (4th Cir. 2010). However, Plaintiff objects to this portion of the report in light of Paradis v. Charleston Cnty. Sch. Dist., 433 S.C. 562, 565, 861 S.E.2d 774, 775 (2021), reh'g denied (Aug. 18, 2021), which overrules precedent that requires the pleading of special damages. Accordingly, the Court overrules this objection because the Report addresses the elements of a civil conspiracy claim in a footnote that acknowledges Plaintiff did not specifically address a claim for civil conspiracy, and even if it did, the civil conspiracy was to commit fraud and concealment, which would otherwise require a heightened Rule 9 pleading with particularity standard. Further, the special damages element was

not dispositive of Plaintiff's liberally construed claim because he equally failed to demonstrate the purpose of injuring Plaintiff when he was not even born during the relevant time period, 1953.

Lastly, Plaintiff objects to the Report's finding that his Complaint fails to meet the Twombly standard, and in the alternative, requests leave from the Court to amend his Complaint. The Court overrules this objection because the Report ably and comprehensively discussed the Complaint's pleading deficiencies. Specifically, the Report states that "Plaintiff has simply not pled the factors" for a strict liability claim under South Carolina law, and "Plaintiff simply states he has been injured by Defendants' products." (DE 39, p. 9.) As to Plaintiff's negligent misrepresentation claim, the Report states, "Plaintiff does not allege that any action on the part of Defendants occurred within the three years prior to filing his case sufficient to support this cause of action" and "Plaintiff does not plausibly allege that Defendants owed a duty that was then breached." (DE 39, p. 11, 12.) Further, although Plaintiff alleges pursuant to the discovery rule that he did not know until April 2022 that cigarettes were harmful, other courts have recognized, the dangers of cigarette smoking have long since been known to the American public. See Little v. Brown & Williamson Tobacco Corp., 243 F. Supp. 2d 480, 493-494 (D.S.C. 2001) (recognizing health risks associated with cigarette smoking was "common knowledge" as to an individual who smoked from 1961 through 1995.) The Court declines to allow Plaintiff to amend the Complaint because Plaintiff has alleged no set of facts that could conceivably support any element of a prima facie case under any cause of action outlined in his Complaint, nor has he provided any proffered amendment to his Complaint that would support his claims.[4]

---

[4] While Plaintiff alleges some facts in his Complaint that are specific to him personally, much of the approximately 65-page Complaint is a recitation of a timeline of purported advertisements, television commercials, and other media appearances by Defendants seeking to induce the American public into smoking their tobacco products. In addition, Plaintiff's Complaint is similar to several other *pro se* lawsuits filed in the past year by inmates currently incarcerated at the Broad River Correctional Institution, in which Plaintiff makes nearly identical accusations regarding the means and methods by which Defendants

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 39) and incorporates it by reference.

Therefore, it is ORDERED that Defendants' Motion to Dismiss (DE 22) is granted, and Plaintiff's Motion for Procedural Default against Defendants (DE 28) is denied.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 28, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

attempted to conceal the true harmful nature of tobacco products from the American public beginning in 1950.